**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Deipo Derrick Lewin, Appellant.

Appellate Case No. 2019-001775

---

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-220
Submitted April 1, 2022 – Filed May 18, 2022

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

---

**PER CURIAM:** Deipo Derrick Lewin appeals his conviction and sentence of ninety months' imprisonment for assault and battery of a high and aggravated nature. On appeal, Lewin argues the trial court erred in refusing to admit evidence

of specific acts of violence by the victim because such evidence was relevant to his claim of self-defense.

The trial court did not abuse its discretion in excluding the witness's testimony regarding specific instances of violence by the victim because the instances were not so closely connected in time or occasion to the charged crime at hand so as to reasonably indicate the victim's state of mind at the time of the crime or produce reasonable apprehension of harm or death in Lewin.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(a), SCRE (providing that generally, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion"); Rule 404(a)(2) (allowing the defendant to offer "[e]vidence of a pertinent trait of character of the victim"); Rule 405(b), SCRE ("In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct."); *State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000) ("[E]vidence of other specific instances of violence on the part of the [victim] are not admissible unless they were directed against the defendant or, if directed against others, were so closely connected at point of time or occasion with the [crime] as reasonably to indicate the state of mind of the [victim] at the time of the [crime], or to produce reasonable apprehension of great bodily harm."); *id.* at 420, 535 S.E.2d at 436 ("Whether a specific instance of conduct by the [victim] is closely connected in point of time or occasion to the [crime] so as to be admissible is in the trial [court]'s discretion and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the accused."); *State v. Mekler*, 368 S.C. 1, 14, 626 S.E.2d 890, 897 (Ct. App. 2005) (determining evidence of the victim's prior act of violence against a third-party, which occurred less than three months prior to the victim's death, was admissible because it "was so closely connected at point of time to indicate [the victim's] state of mind at the time of the shooting"); *State v. McCray*, 413 S.C. 76, 95, 773 S.E.2d 914, 924 (Ct. App. 2015) (determining the victim's specific act of violence "was not so closely connected" to the crime because the appellant did not provide evidence that he was aware of the victim's specific act).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.